**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RANDALL W. LOWE,**

        **Plaintiff,**

**v.**                        **Case No: 6:24-cv-1847-PGB-NWH**

**FLORIDA FRESH FLORAL LLC**
**and ROBERT MCLAUGHLIN,**

        **Defendants.**

_____/

## <u>ORDER</u>

This cause comes before the Court on Plaintiff Randall W. Lowe's ("**Plaintiff**") Motion for Voluntary Dismissal without Prejudice. (Doc. 60 (the "**Motion**")). Defendants Florida Fresh Floral LLC ("**FFF**") and Robert McLaughlin ("**McLaughlin**")[1] have responded in opposition. (Doc. 64 (the "**Response**")). Upon consideration, the Motion is due to be granted, but the Court will impose conditions on the dismissal.

## I.    BACKGROUND

Plaintiff, an event planner and florist, brings this action for copyright infringement against his former business partner, McLaughlin, and FFF, a business venture formed by McLaughlin that Plaintiff briefly joined. (Doc. 1 (the "**Complaint**")). In the Complaint, Plaintiff alleges that, prior to joining FFF, he

---

[1]    Herein, FFF and McLaughlin will collectively be referred to as the "Defendants."

had decades of experience in the event planning industry and, in 2001, had formed his own company, Lowe & Behold, LLC ("**Lowe & Behold**"). (*Id.* ¶ 7). Over time, Lowe & Behold accumulated an inventory of decorative elements, lighting, and other items needed for special events (the "**Inventory**") and had "created and posted professional photos" (the "**Photographs**") of such items on its website. (*Id.* ¶¶ 8–9).

After joining FFF in April 2023, Plaintiff sold FFF the Inventory for approximately $380,000, as reflected in promissory notes that remain unpaid. (*Id.* ¶ 13). The crux of the instant dispute, however, concerns Plaintiff's allegation that, after Plaintiff joined FFF, McLaughlin surreptitiously copied the Photographs from Lowe & Behold's website and displayed them on his own websites, including the website for FFF. (*Id.* ¶ 15). As a result, Plaintiff sues each of the Defendants for copyright infringement. (*Id.* ¶¶ 27–44). In support of such claims, Plaintiff attaches as an exhibit to the Complaint a Certificate of Registration issued by the United States Copyright Office pertaining to the Photographs. (Doc. 1-1 (the "**Registration**")). The Registration states that it pertains to 214 Photographs that were each published on a single day in 2019. (*Id.* at p. 1). The Registration further lists Plaintiff as both the "Author" of the Photographs and as the "Copyright Claimant." (*Id.*).

In due course, the parties proceeded to discovery. (Doc. 60, pp. 1–2). Ultimately, the parties filed cross-motions for summary judgment and Defendants filed a *Daubert* motion. (Docs. 47, 55, 56). In Defendants' Motion for Summary

Judgment (Doc. 55 (the "**Defense MSJ**")), Defendants asserted that Plaintiff's Registration was invalid due to various inaccuracies or misrepresentations made by Plaintiff in applying for the Registration. (*See generally id.*). Specifically, Defendants contended that Plaintiff had listed himself as an "Author" of the Photographs even though Plaintiff did not take the Photographs and has not personally obtained ownership thereof by assignment. (*Id.* at p. 2). However, Plaintiff concedes that some of the Photographs were taken by employees at Lowe & Behold, while others were taken by employees of a company called Max King Events, LLC ("**Max King**"). (*Id.* at pp. 3–4). According to Plaintiff, the Max King Photographs were purchased by Lowe & Behold rather than by Plaintiff himself.[2] (*Id.* at p. 3). Defendants thus argue that, based upon Plaintiff's representations, Lowe & Behold—rather than Plaintiff—owns the Photographs. (*See, e.g., id.* at p. 1). Further, while Plaintiff's application for the Registration asserted that all of the Photographs were taken on a single day in 2019, Defendants produce evidence from website archives that demonstrates several of the Max King Photographs had been published on Max King's social media pages in previous years. (*Id.* at p. 4).

In the Defense MSJ, Defendants noted that they had raised affirmative defenses regarding "[l]ack of copyright ownership and fraud on the Copyright Office[.]" (*Id.* at p. 5). While Defendants conceded that their "prior counsel often framed these issues in the context of [FFF] being the owner [of the Photographs]

---

[2]   Defendants further assert that Plaintiff has not produced any evidence of an assignment from Max King to Lowe & Behold for any of the Photographs. (Doc. 55, p. 3).

instead of [Plaintiff]," they now argued that they "need not prove [FFF] owns the [Photographs] to prevail," and that "[i]nstead, all they have to do is show [Plaintiff] does not[.]" (*Id.* at p. 6).

Thus, in the Defense MSJ, relying upon their newly framed arguments, Defendants contended that Plaintiff lacks standing to bring the Complaint and asserted the Court therefore lacks subject matter jurisdiction over this action. (*Id.* at pp. 5–6). As a result, therein, Defendants sought dismissal of the Complaint with prejudice. (*Id.* at p. 15). Further, citing to 17 U.S.C. § 411(b)(2), Defendants also asked the Court to request the Register of Copyrights to advise the Court "whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." (*Id.* at pp. 17–18). Defendants asserted that, if the answer is yes, the Court should find the Registration invalid based upon Plaintiff's fraud in obtaining the Registration. (*Id.*). In this regard, Defendants argued that Plaintiff, at the very least, "showed a reckless disregard for [the] truth" concerning his representations in the Registration. (*Id.* at pp. 19–20).

Although Plaintiff did file a response to the Defense MSJ, prior to doing so, Plaintiff filed the instant Motion. (Docs. 60, 62). Therein, Plaintiff asks the Court to dismiss the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. 60). Defendants have responded in opposition and the matter is now ripe for review. (Doc. 64).

4

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 41 applies to a plaintiff's voluntary dismissal of an action. Under Rule 41, once a motion for summary judgment has been filed, a plaintiff may only voluntarily dismiss an action without a court order by filing a "stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(ii). Absent such a stipulation, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).

A district court has broad discretion in ruling on a motion to dismiss brought under Rule 41(a)(2). *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986). Moreover, the Eleventh Circuit has stated that "in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit,* as a result." *Id.* at 856–57 (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)).[3] The "crucial question" for the court is whether the defendant would "lose any substantial right by the dismissal." *Potenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255–56 (11th Cir. 2001) (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)).

In making its determination, "the district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and

---

[3]    The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 1256 (quoting *McCants*, 781 F.2d at 857). Finally, "[a]ny bad faith on the plaintiff's part weighs heavily in favor of the defendant, and often precludes dismissal or requires that the costs be taxed to the defendant." *Id.* (citing *Potenberg*, 252 F.3d at 1256–57).

## III.   DISCUSSION

In the Motion, Plaintiff asks the Court to dismiss the Complaint without prejudice so that Plaintiff can seek to correct the "irregularities" Defendants have identified in the Registration through a supplementary copyright registration. (Doc. 60, pp. 9–10). Plaintiff notes that "[t]hese corrections would alter the form of the operative Complaint and necessitate either the joinder and/or substitution of parties to include Lowe & Behold, LLC."[4] (*Id.* at p. 10). Although Plaintiff acknowledges the somewhat late stage of the proceedings, Plaintiff highlights that—as a result of Defendants' belated retention of new counsel—"Plaintiff's standing to sue for copyright infringement was challenged for the first time" in the Defense MSJ. (*Id.* at p. 2). Previously, Defendants had defended on the ground that they owned the Photographs. (*E.g.*, Doc. 50-5, 74:9–11).

Plaintiff contends that, until the Defense MSJ was filed, there was "little difference in his mind" between himself and his business, Lowe & Behold,

---

[4]   As Defendants note in the Response, the "existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." (Doc. 64, p. 4 (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989))). This explains why Plaintiff cannot simply seek a belated amendment to the Complaint to cure the alleged jurisdictional defects, as standing must exist at the time the action is filed. *See id.*

regarding ownership of the Photographs. (Doc 60, pp. 8–9). Further, although Plaintiff appears to now concede the application for the Registration contained inaccurate information, Plaintiff asserts these errors did not amount to fraud, particularly considering that "Plaintiff was represented by corporate counsel in preparing [the] application and therefore relied on advice of counsel" when making the relevant representations. (*Id.* at p. 9). Finally, Plaintiff asserts that Defendants cannot demonstrate any "clear legal prejudice" as is required for the Court to deny the Motion. (*Id.* at p. 5). And, to the extent Defendants have suffered any *practical* prejudice by financing their defense of the suit to this stage, Plaintiff notes that he "has no objection to conditioning the requested dismissal on the payment of [Defendants'] costs"[5] in the instant matter should Plaintiff refile the case. (*Id.* at p. 6); *see Potenberg*, 252 F.3d at 1256.

In the Response, Defendants argue that a dismissal without prejudice conditioned merely on Plaintiff's proposed payment of costs would be unjust. (Doc. 64, pp. 5–6). Defendants cite the belated nature of the request and the "serious prejudice the Defendants will suffer from a dismissal without prejudice" despite the seemingly meritorious Defense MSJ. (*Id.* at p. 7). Defendants assert Plaintiff seeks dismissal without prejudice to "cleanse his fraud" in submitting an inaccurate application for the Registration. (*Id.* at pp. 7–8). Defendants further

---

[5]   The Court notes that Plaintiff does not clarify his position on whether he objects to the Court conditioning the requested dismissal on the payment of *attorney's fees* as a portion of such costs. (*See* Doc. 60). In the absence of such clarity, the Court assumes that Plaintiff does so object.

note that the Court has the authority to condition a dismissal without prejudice on Plaintiff paying Defendant's costs *and attorney's fees* in this action should Plaintiff refile this suit. (*Id.* at pp. 8–9). Defendants contend this condition would "compensate the Defendants for the likely loss of their strongest defense in this case: fraud on the Copyright Office." (*Id.* at p. 10). Alternatively, Defendants argue that, "[i]nstead of dismissing without prejudice, the Court can find fraud on the Copyright Office and grant judgment in the Defendants' favor because [Plaintiff] is seeking dismissal to avoid that judgment." (*Id.* at p. 11).

To begin, under the circumstances, the Court finds that dismissal of Plaintiff's claims without prejudice is appropriate. As Plaintiff notes, the Eleventh Circuit has held that "[n]either the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or *per se* establishes plain legal prejudice requiring the denial of a motion to dismiss [under Rule 41(a)(2)]." *Potenberg*, 252 F.3d at 1256 (italics added) (citing *Durham*, 385 F.2d at 366); (*see* Doc. 60, p. 5). Moreover, "[w]hile the Court recognizes that this case has progressed to the later stages of litigation, the Court notes that [Defendants] failed to raise [their] standing defense by way of motion at the pleading stage, instead opting to file an answer and litigate the merits of the case." *Nationwide Affinity Ins. Co. of Am. v. Ohio Sec. Ins. Co.*, No. 6:22-cv-578-WWB-EJK, 2024 WL 1619878, at *2 (M.D. Fla. Jan. 23, 2024). Under the circumstances,

8

Defendants share, at least to some extent, in the responsibility for the belated nature of the requested dismissal. *See id.*

In a related vein, although Defendants assert that they would suffer "serious prejudice . . . from a dismissal without prejudice," the Court disagrees. (Doc. 64, p. 7). This is because, assuming the Court found Defendants are correct that Plaintiff lacks standing, such a finding would ordinarily result in dismissal without prejudice rather than a final judgment on the merits. *See Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007) (explaining that a court's finding that it lacks subject matter jurisdiction should result in dismissal of the case even if the court reaches this decision at the summary judgment stage); *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1235 (11th Cir. 2021) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." (internal quotation omitted)); *Nationwide Affinity Ins. Co.*, 2024 WL 1619878 at *2 (noting same).

Further, while Defendants argue that the Court's grant of dismissal would likely divest them of "their strongest defense" regarding Plaintiff's alleged "fraud on the Copyright Office," the Eleventh Circuit has affirmed the voluntary dismissal of a plaintiff's claims without prejudice despite the defendant's loss of a complete defense thereto. *See McCants*, 781 F.2d at 857. Indeed, the instant case bears strong parallels to the case confronted by the Eleventh Circuit in *McCants*. *See id.* Therein, in the trial court below, the *McCants* defendant had initially failed to raise a statute of limitations defense. *Id.* Ultimately, the defendant filed an amended

answer raising the defense, and one month later, moved for summary judgment on this basis. *Id.* The defendant made a "very strong argument" that the case, as filed, was time-barred. *Id.* Still, the Eleventh Circuit affirmed the trial court's decision to permit a voluntary dismissal without prejudice, even though it would allow the plaintiff to refile the action under the laws of another state where the claims would be considered timely. *Id.* at 857–59. In so holding, the Eleventh Circuit rejected the defendant's argument that its loss of this "complete defense" to the claims would amount to "plain legal prejudice." *Id.* at 857. Instead, the *McCants* court found that "it is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *Id.* (citing *Durham,* 385 F.2d at 368). Rather, it found that such circumstances were properly addressed by the trial court when considering any appropriate conditions that should be imposed on the dismissal. *Id.* (citations omitted). Thus, in the instant case, the Court likewise finds that dismissal without prejudice is appropriate despite the loss of Defendants' fraud defense but will factor that loss into its decision regarding any conditions that should be imposed on the dismissal. *See id.*

This Court similarly rejects Defendants' argument that Plaintiff's request for a voluntary dismissal should result in the Court affirmatively finding that Plaintiff committed a fraud on the Copyright Office. (Doc. 64, p. 11). First, Defendants rely on persuasive precedent from the Federal Circuit holding that "a dismissal without prejudice might well have constituted an abuse of discretion since [the plaintiff] was plainly seeking to avoid an adverse judgment." (*Id.* (quoting *Minn. Mining &*

*Mfg. Co. v. Barr Lab'ys, Inc.*, 289 F.3d 775, 784 (Fed. Cir. 2002)). However, the Eleventh Circuit has held that "an attempt to avoid an adverse ruling, in and of itself, is insufficient" to cause clear legal prejudice. *City of Jacksonville v. Jacksonville Hosp. Holdings L.P.*, No. 24-10145, 2024 WL 2186089, at \*3 (11th Cir. May 15, 2024) (per curiam) (citation omitted); *Potenberg*, 252 F.3d at 1258 ("[I]t is clear under *McCants* . . . that the mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice."). Second, while the Defense MSJ states that the Court must seek input from the Register of Copyrights before finding a fraud upon the Copyright Office has occurred, in the Response, Defendants fail to provide any authority supporting the Court's ability to obviate this process when ruling on the instant Motion. (Doc. 55, pp. 17–18; *see generally* Doc. 64).

That said, the Court notes that it is required to consider any arguments concerning possible bad faith by Plaintiff's counsel when "weigh[ing] the relevant equities" in ruling on the instant Motion. *Arias v. Cameron,* 776 F.3d 1262, 1272 (11th Cir. 2015) (internal citations omitted). While Defendants do not directly argue such bad faith exists here, Defendants' arguments regarding Plaintiff's purported fraud on the Copyright Office suggest the need to consider whether the bad faith standard is met. (*See* Doc. 64, pp. 11–18). Through these arguments, Defendants note that Plaintiff's Registration does not merely contain one inaccuracy, but instead, it is almost entirely inaccurate. (*Id.* at pp. 11–12).

11

Moreover, Defendants note that, in the Motion, while Plaintiff provides an explanation for his reasoning in believing he owned the Photographs, Plaintiff fails to even attempt to explain the Registration's other inaccuracies.[6] (*Id.* at p. 12). For Plaintiff's part, Plaintiff notes that he relied on corporate counsel in completing the application for the Registration. (Doc. 60, p. 9). Moreover, Defendants concede such corporate counsel does not represent Plaintiff in the instant suit and that Defendants have "no reason to believe plaintiff's litigation counsel were aware of [Plaintiff's purported fraudulent] scheme." (Doc. 64, p. 18 n.4). Under the circumstances, the evidence of Plaintiff's purported fraud does not cleanly fit within the standard for assessing bad faith. As such, the Court does not find that bad faith by Plaintiff's counsel should preclude the dismissal of this action.

At the same time, the Court is required to "weigh the relevant equities and do justice between the parties . . . ." *Potenberg*, 252 F.3d at 1256 (quoting *McCants*, 781 F.2d at 857). In so doing, the Court must "keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants." *City of Jacksonville*, 2024 WL 2186089, at *2 (quoting *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1502–03 (11th Cir. 1991) (per curiam)).

Upon consideration of the various circumstances at play in the instant case, the Court agrees with Defendants that the imposition of costs alone upon Plaintiff should Plaintiff refile the suit is insufficient to do justice between the parties. (*See*

---

[6]    For example, Defendants note that it is difficult to understand how Plaintiff could have believed himself the *author* of the Photographs that were purchased from Max King. (Doc. 64, p. 12).

Doc. 64, pp. 5–8). In reaching this conclusion, the Court considers, *inter alia*, the late stage in the proceedings;[7] the fact that Plaintiff appears to seek to avoid an adverse ruling on the Defense MSJ, albeit under circumstances wherein such ruling would not likely result in a final judgment on the merits; and the loss of Defendants' fraud defense should the suit be refiled. *See McCants*, 781 F.2d at 857. Further, to the extent Plaintiff is directly responsible for the inaccuracies in the Registration—whether this is the result of mere negligence or rises to a higher level of culpability—the Court finds that, in fairness, the financial consequences of such inaccuracies should lie with Plaintiff rather than Defendants. *Cf. id.* (noting "[a]ny bad faith on the plaintiff's part . . . often precludes dismissal or requires that the costs be taxed to the defendant." (citing *Potenberg*, 252 F.3d at 1256)); *see also City of Jacksonville*, 2024 WL 2186089, at *2 (noting the Rule 41(a)(2) is for the protection of defendants).

Accordingly, the Court agrees with Defendants that it is appropriate to condition the instant dismissal upon Plaintiff's payment of both Defendants' costs and attorney's fees should the suit be refiled. The Eleventh Circuit has noted that "[a] plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in

---

[7] While the Court acknowledges *supra* that Defendants' failure to argue Plaintiff's lack of standing at an earlier juncture causes Defendants to share in the belated nature of the request for dismissal, the burden of establishing such standing has, at all times, rested with Plaintiff as the party invoking the Court's jurisdiction. *E.g.*, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (first citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); and then citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).

preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." *McCants*, 781 F.2d at 860 (explaining that such "[c]osts may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees"); *Doe v. Varsity Brands, LLC*, No. 6:23-cv-788-JSS-LHP, 2024 WL 4556128, at *2 (M.D. Fla. Oct. 23, 2024) (conditioning a dismissal under Rule 41(a)(2) on plaintiffs' payment of defendants' costs and attorney's fees).

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Motion for Voluntary Dismissal without Prejudice (Doc. 60) is **GRANTED**.

2.  Plaintiff's claims against Defendants Florida Fresh Floral LLC and Robert McLaughlin are **DISMISSED WITHOUT PREJUDICE ON THE CONDITION** that Plaintiff shall pay Defendants' costs and attorney's fees incurred in the instant action if the claims raised in this suit are refiled against Defendants. The Court thus retains jurisdiction over any motions filed by Defendants regarding such costs and attorney's fees.

3.  The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on April 30, 2026.

14

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties